[Cite as *State v. Gonzalez*, 2014-Ohio-3272.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals Nos. L-13-1206
                                                                                              L-13-1207
        Appellee

                                                                Trial Court No. CR0201301203
v.                                                                                 CR0201301124

Matthew Gonzalez                                      **DECISION AND JUDGMENT**

        Appellant                                        Decided:  July 25, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on appeal from the August 21, 2013 judgment of the Lucas County Court of Common Pleas which, following a guilty plea to three counts of illegal use of a minor in nudity-oriented material under R.C. 2907.323,

sentenced appellant, Matthew Gonzalez, to three consecutive five-year terms of imprisonment.

{¶ 2} The history of this case will be set forth as concisely as possible. On January 22, 2013, appellant was indicted on four counts of illegal use of a minor in nudity-oriented material, R.C. 2907.323(A)(1) and (B), second degree felonies. On February 1, 2013, appellant was indicted on one additional count of use of a minor in nudity-oriented material. Appellant entered not guilty pleas to the charges.

{¶ 3} Pursuant to an agreement with the state, on July 31, 2013, appellant withdrew his not guilty pleas and entered guilty pleas to three counts of illegal use of a minor in nudity-oriented material. The state agreed to enter a nolle prosequi to the remaining two counts. At the plea hearing, appellant admitted that between June 30 and July 19, 2012, he surreptitiously planted his cell-phone in an air conditioning vent in a tanning salon that he owned in order to video record three minor females while they changed and tanned. The three minors were all filmed in various states of nudity and undress.

{¶ 4} At the August 21, 2013 sentencing hearing, it was disclosed that appellant had two adult misdemeanors. Arguing for a community control sentence, appellant's counsel alerted the court to the case of *State v. Duvall*, Lucas County case No. CR0201202821, a recent case in the same courthouse, where a defendant with a similar criminal history was charged with five counts of pandering sexually oriented material and five counts of use of a minor in nudity-oriented material. Duvall ultimately pled guilty to

2.

five of the counts and was sentenced to a term of community control. The state indicated that the cases were not factually similar.

{¶ 5} The court stated that in sentencing appellant it considered the presentence investigation report, the numerous letters written on behalf of appellant, and the letters from the victims and their families. The court then sentenced appellant to five years for each of the three counts, to be served consecutively, for a total of 15 years of imprisonment. Appellant was also classified as a Tier II sexual offender. This appeal followed.

{¶ 6} Appellant raises one assignment of error for our review:

The trial court abused its discretion when it sentenced Mr. Gonzalez to three consecutive, 5-year terms of imprisonment, for an aggregate term of 15 years in prison.

{¶ 7} Appellant's sole assignment of error is that the trial court abused its discretion in sentencing him to 15 years of imprisonment. Appellant contends that, despite the sentence being within the statutory limitations, it does not comply with R.C. 2929.11(A) and (B) as the sentence does not conform with the sentences of similar offenders for similar crimes, namely the offender in *Duvall*. Thus, the sentence is unreasonable, arbitrary and unconscionable.

{¶ 8} The court reviews felony sentences based on the standard of review delineated in R.C. 2953.08(G)(2), and outlined in *State v. Tammerine*, 6th Dist. Lucas

3.

No. L-13-1081, 2014-Ohio-425.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.  R.C. 2953.08(G)(2).

{¶ 9} A trial court's sentence is not clearly and convincingly contrary to law where the court considered the R.C. 2929.11 purposes and principles of sentencing, considered the R.C. 2929.12 seriousness and recidivism factors, and imposed a sentence within the statutory range.  *Tammerine* at ¶ 15, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 10} R.C. 2929.11(A) provides:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * to protect the public from future crime by the offender and others and to punish the offender using the *minimum sanctions* that court determines *accomplishes those purposes * * *.*" (Emphasis added.)

{¶ 11} R.C. 2929.11(B) provides that the above sentence shall be "commensurate with and not demeaning to the *seriousness* of the offender's conduct and its *impact upon*

4.

*the victim* and consistent with sentences imposed for *similar crimes committed by similar offenders*." (Emphasis added.)  R.C. 2929.12(B) and (C) provide a nonexhaustive list of factors that may justify a disproportionate sentence.

{¶ 12} There is a presumption that the trial court gave proper consideration to R.C. 2929.11 and 2929.12 even without specific reference to those statutes.  *State v Houston*, 6th Dist. Sandusky No. S-10-027, 2011-Ohio-4689, ¶ 11.  Thus, an appellant's contention that a similarly situated defendant who receives a disproportionate sentence requires the trial court to overtly explain the disparity is unwarranted.  Additionally, an appellant is required to support his contention of disproportionate sentencing with sufficient evidence in order to preserve it for appeal.  *Id*. at ¶ 10.

{¶ 13} "Consistency does not necessarily mean uniformity; rather, consistency has a goal of similar sentences for similar offenses * * * [a]n offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate."  *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 21-22, citing *State v. Battle*, 10th Dist. Franklin No. 06AP-863, 2007-Ohio-1845; *State v. Hayes*, 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 10.

{¶ 14} Appellant has named a defendant convicted of the same crime with a similar criminal background without any reference to the factual similarities that make up their conviction; plainly, perhaps intentionally, appellant provides no other facts at all. Factual dissimilarities may justify disproportionate sentences despite similar or identical

5.

offenses. *Dahms* at ¶ 21, citing *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, ¶ 23.

{¶ 15} Further, the trial court noted that it considered the entirety of the record, victim impact statements and other relevant reports as well as the principles and purposes of R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court then found that appellant's conduct was more serious than that normally constituting the offense. Specifically, the court found that appellant caused incalculable psychological harm to the minor aged victims, R.C. 2929.12(B)(1) and (2), and the court found that appellant's position in the community and his personal relationship to the victims facilitated the commission of the offense, R.C. 2929.12(B)(3) and (6). The above factors are sufficient to support the court's conclusion that appellant's conduct was more serious than conduct normally constituting the offense.

{¶ 16} Further, in accordance with R.C. 2929.14(C)(4), the court has found it necessary that appellant serve his prison terms consecutively to protect the public from future crime and to punish appellant and the sentence is not disproportionate to the seriousness of appellant's conduct or the danger he poses. The court further found the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of appellant's conduct.

{¶ 17} Upon review of the proceedings below, we find that appellant did not present sufficient evidence of similar cases with disproportionate sentencing. Appellant

6.

failed to present factual similarities of similar offenders with disproportionate sentences for the court to consider under R.C. 2929.11. The sentencing court may consider multiple factors under R.C. 2929.11 and 2929.12 that may justify a sentencing disparity between similar offenses. Accordingly, we find that appellant's assignment of error is not well-taken.

{¶ 18} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

                                                        Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                        JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                          _____
CONCUR.                                                 JUDGE

                                                    _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.