[Cite as *State v. Rombkowski*, 2019-Ohio-2650.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1092

    Appellee                                      Trial Court No. CR0201702171

v.

Leslie Rombkowski                                **DECISION AND JUDGMENT**

    Appellant                                     Decided June 28, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Sarah M. Schregardus, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Leslie Rombkowski, appeals the March 23, 2018 judgment of the Lucas County Court of Common Pleas sentencing her to an aggregate prison term of ten years following her November 1, 2018 conviction on two theft offenses. Rombkowski challenges the court's imposition of consecutive sentences as contrary to law under R.C. 2929.14(C).

{¶ 2} As discussed below, we find that the trial court made the proper findings to impose consecutive sentences under R.C. 2929.14(C) and, therefore, Rombkowski's consecutive sentences are not contrary to law. However, because the trial court failed to include all of its R.C. 2929.14(C) findings in the sentencing entry, we reverse and remand this matter to the trial court to correct its mistake via a nunc pro tunc entry.

## I. Background

{¶ 3} On July 10, 2017, Leslie Rombkowski was indicted on one count of aggravated theft, a violation of R.C. 2913.02(A)(3) and (B)(2); two counts of forgery, violations of R.C. 2913.31(A)(1) and (C)(1)(b)(ii); theft from a person in a protected class, a violation of R.C. 2913.02(A)(3) and (B)(3); and tampering with records, a violation of R.C. 2913.42(A)(1), (B)(1) and (B)(3)(d). These charges arose from Rombkowski's admitted, unauthorized removal of funds in excess of $750,000 from her employer, a Toledo, Ohio law firm, and her admitted, unauthorized removal of funds in excess of $150,000 from a firm client's trust account.

{¶ 4} On November 1, 2018, Rombkowski entered a plea of guilty to aggravated theft (Count 1) and attempted theft from a person in a protected class (a lesser included offense of Count 3). On March 22, 2018, the trial court sentenced her to five years in prison on Count 1 and five years in prison on Count 3. The trial court ordered that the sentences imposed for Counts 1 and 3 be served consecutively. This resulted in an aggregate prison term of ten years. This sentence was memorialized in a judgment entry dated March 23, 2018.

2.

**{¶ 5}** Rombkowski appealed and assigns a single error for our review:

> The trial court erred when it imposed consecutive sentences contrary to law.

## II. Law and Analysis

**{¶ 6}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2). The imposition of consecutive sentences without the requisite findings under R.C. 2929.14(C) renders the sentence contrary to law. See *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 35.

**{¶ 7}** Rombkowski argues that her consecutive sentences are contrary to law because the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Given that Rombkowski failed to raise this objection in the trial court, she has waived all but plain error review. *See State v. Ross*, 2017-Ohio-675, 85 N.E.3d 398, ¶ 29 (6th Dist.). Ohio courts recognize, however, that "when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, appellant's sentence is contrary to law and constitutes

3.

plain error." (Internal quotations and citations omitted.) *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 7.

**{¶ 8}** R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} This statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 158 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *Bonnell* at ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

{¶ 10} Here, Rombkowski argues that the trial court's imposition of consecutive sentences should be reversed for three reasons.

{¶ 11} First, Rombkowski argues that the trial court's conclusion that the "harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct" is unsupported by the record because the trial court did not

5.

impose the maximum sentence on each conviction. We disagree. Simply put, a trial court's authority to impose consecutive sentences is not limited to consecutive *maximum* sentences. *See* R.C. 2929.14(C)(4)*, Beasley* at ¶ 252.

{¶ 12} Second, Rombkowski argues that the trial court erred when it concluded that an aggregate sentence of ten years "is not disproportionate to the seriousness of [her] conduct" because defendants in three other cases received lesser sentences for theft violations. Rombkowski, however, conflates the distinct concepts of "proportionality" for purposes of R.C. 2929.14(C), and "consistency" for purposes of R.C. 2929.11(B).[1] "'Proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime)." *State v. Brewster*, 8th Dist. No. 103789, 2016-Ohio-3070, ¶ 10. "Consistency" is a consideration under R.C. 2929.11(B), and relates to the offender's sentence as compared to that of similarly-situated offenders. *Id.* Regardless, Rombkowski fails to demonstrate that her sentence was, in fact, inconsistent with sentences imposed on other, similarly-situated defendants. It is well established that an offender cannot simply cite to cases in which an individual was convicted of the same offense and received a lesser sentence. *State v. Gonzalez,* 6th Dist. Lucas Nos.

---

[1] Notably, Rombkowski does not argue that the court failed to engage in the analysis required for felony sentencing under R.C. 2929.11 and 2929.12—and, absent an affirmative showing by the appellant to the contrary, we presume that the trial court engaged in the proper analysis. *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13.

6.

L-13-1206 and L-13-1207, 2014-Ohio-3272, ¶ 13.  Rather, the offender must demonstrate factual similarities between the offender's case and the other cases—which Rombkowski fails to do.

{¶ 13} In Rombkowski's third and final argument, she points to her admission to her crimes, her lack of criminal record at the time of sentencing, and her attempts at restitution as additional reasons why the trial court erred when it concluded that her aggregate ten-year sentence was "not disproportionate" to the seriousness of her conduct. Again, we disagree.  In explaining why the punishment fit the crime, the trial court stated:

> As office manager of a well-known law firm in this city, on numerous occasions, and with regular frequency you forged checks for your personal use, and you made several attempts to conceal what you did.  Not only did you cause economic harm to this law firm, you also caused emotional harm, humiliation and embarrassment.  If that wasn't enough, you befriended a client of the law firm who had been seriously injured in an auto accident. You gained her trust because she knew you were working for her attorney, you preyed on her vulnerability.  You gained access to her finances and you ran her life.  You spent all of the money she received as a settlement for her injuries.  You caused her not only economic harm, but emotional harm as well.  The fact that you now work for another law firm is incomprehensible. You do have no prior record, you appear to accept responsibility, however, I question the genuineness of it.

7.

{¶ 14} Thus, even though the trial court was not required to provide an explanation for its R.C. 2929.14(C) finding that the imposition of consecutive sentences was "not disproportionate" to Rombkowski's conduct, the trial court explained that it considered the mitigating factors that Rombkowski now raises on appeal and found them to be outweighed by the seriousness of her crimes. We find that the record contains evidence to support the trial court's finding that consecutive sentences were "not disproportionate" in this case. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 15} In sum, we reject all three of Rombkowski's arguments on appeal. In addition, we have reviewed the entire record, including the transcript of the sentencing hearing, and we are able to "discern that the trial court engaged in the correct analysis and * * * the record contains evidence to support the trial court's findings" under R.C. 2929.14(C). *Id.* at ¶ 29.

{¶ 16} But, although the trial court made the three required R.C. 2929.14(C)(4) findings at the March 22, 2018 sentencing hearing, the court failed to incorporate all of those findings into its March 23, 2018 sentencing entry. At the sentencing hearing, the trial court stated, in relevant part:

> In Count one you pled to aggravated theft. This was not an isolated incident or a random act, because over a period of eight years, from January the 1st, 2008 to December 31, 2015, with purpose to deprive the owner of property, you knowingly, by deception, stole between $750,000 and

8.

$1,500,000. And, obviously, this was not petty cash that was sitting around this law firm. In count two you pled to attempted theft from a person in a protected class. Also, this is not an isolated incident, because from August the 23rd, 2009 to June the 22nd, 2010 you knowingly obtained or exerted control over property by deception, and the victim was a disabled or elderly adult.

* * *

The Court orders that the sentences be ordered served consecutive with one another, the Court finds that a consecutive sentence is necessary to protect the public from future crime or to punish the Defendant, and not disproportionate to the seriousness of the Defendant's conduct or the danger Defendant poses. The Court further finds that the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 17} Thus, the trial court found (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(b) was applicable (i.e., that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was

so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.) *Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, at ¶ 252.

{¶ 18} The sentencing entry, however, states:

> It is ORDERED that defendant serve a term of 5 years in prison as to Count 1 and five years in prison as to Count 3. Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger offender poses to the public. The court further finds the harm caused was great or unusual such that no single prison term is adequate, therefore the sentences are ordered to be served consecutively.

{¶ 19} While the sentencing entry contains the trial court's first and second findings under R.C. 2929.14(C)(4), it does not include the trial court's full finding that R.C. 2929.14(C)(4)(b) is applicable (i.e., that at least two of the multiple offenses were committed as part of one or more courses of conduct). "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Beasley* at ¶ 253, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. But, "a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may

10.

be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30. We will therefore reverse and remand to the trial court to correct this omission.

### III. Conclusion

{¶ 20} In conclusion, we find Rombkowski's sole assignment of error not well-taken because the trial court made the proper findings under R.C. 2929.14(C)(4) and her consecutive sentences are therefore not contrary to law. But, because the trial court failed to include its findings under R.C. 2929.14(C)(4)(b) in its sentencing entry, we reverse and remand this matter to the trial court to correct that omission via a nunc pro tunc entry that reflects what actually occurred in open court.

{¶ 21} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. The costs of this appeal are assessed to the state under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

11.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.