**[Cite as *State v. Tea*, 2016-Ohio-741.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                           Court of Appeals No. S-15-013

      Appellee                                     Trial Court No. 09 CR 500

v.

Trevor Tea                                             **DECISION AND JUDGMENT**

      Appellant                                    Decided:  February 26, 2016

* * * * *

Emil G. Gravelle, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a judgment of the Sandusky County Court of

Common Pleas in which the court revoked a previously imposed community control

sentence and ordered defendant-appellant, Trevor Tea, to serve three consecutive terms

of 12 months each in prison for his convictions on three counts of felony nonsupport.

Tea now challenges the consecutive nature of his sentences through the following

assignment of error:

Appellant was improperly sentenced to consecutive sentences because the sentencing judge failed to properly follow the requirements of Ohio Revised Code 2929.14(C)(4).

{¶ 2} The facts of this case are as follows. On June 29, 2009, appellant pled guilty to three counts of felony nonsupport in violation of R.C. 2919.21(B), all fifth degree felonies. In lieu of a sentence, the lower court stayed further proceedings and placed appellant in a pre-trial diversion program. Under the court's order, if appellant successfully completed the diversion program, the case against him would be dismissed.

{¶ 3} On August 9, 2013, the state filed a motion for revocation of appellant's participation in the pretrial diversion program, as appellant had not complied with the terms and conditions of that program. This was the third time the state sought to terminate appellant's participation in the program for his non-compliance. On two previous occasions, he became compliant and the state dismissed its motion. Following a hearing, appellant consented to the revocation of his participation in the diversion program and the lower court accepted his guilty pleas as previously entered. On February 12, 2014, the lower court filed a judgment entry of sentence following a hearing on the matter. The court sentenced appellant to community control for three years and listed a number of conditions with which appellant was to comply. There is no transcript from that hearing in the record before us, but the judgment entry of sentence includes the following:

2.

The Defendant was advised that a violation of the terms of community control would result in a revocation of community control, and the imposition of a **TWELVE (12) month** prison sentence for the offense of FELONY NONSUPPORT in Count Seven, and a **TWELVE (12) month** prison sentence for the offense of FELONY NONSUPPORT in Count Eight and a **TWELVE (12) month** prison sentence for the offense of FELONY NONSUPPORT in Count Nine. Those sentences would run <u>**consecutive**</u> to one another for an aggregate **sentence of THIRTY SIX (36) months prison.**

{¶ 4} On February 20, 2015, the probation department filed a notice of probation violation in the court below, citing appellant's failure to find employment and failure to pay anything on his child support for a year. The case came before the lower court for a hearing on April 15, 2015. Following testimony from appellant's supervisor from the probation department, the court found probable cause existed, revoked appellant's community control, and proceeded to impose the underlying sentence. In imposing sentence, the court stated in relevant part:

> THE COURT: The sentence that you'll be serving is 12 months on each of the felony nonsupport cases. They are run consecutive, and the consecutive finding, I – I do need to have something in my hand for that, Jay. I have to make special findings because those sentences are being run consecutive. Will you get that?

THE BAILIFF: Is that in your book?

THE COURT: Yeah, it's in my book. You are considered a convicted felon, you cannot own, possess, or use a firearm, and you will have to give a DNA sample if you have not already.

You have 30 days to file a limited appeal in this case. On the consecutive sentences – and I believe these are for – are these for three different children or three different years – periods? State of Ohio?

* * *

MR. ROSS: Three different children, three different time periods, Your Honor.

THE COURT: Okay, so that – I will find that that's one reason that you – consecutive sentences. They're both to protect the public, and, actually, to punish the offender. These are multiple offenses, their course of conduct. His history just shows that consecutive sentences are necessary, and, again, these are different children and these are different time periods. Is that correct?

MR. ROSS: The time frames may be the same – Your Honor. I'd have to –

THE COURT: They are three different children he failed to support?

MR. ROSS: Correct, three different children –

THE COURT: Okay, so I'll find that that's – those are three different offenses.

{¶ 5} Thereafter, the court filed a judgment entry of sentence. Regarding the consecutive nature of the terms, the court found:

[T]hat consecutive sentences were necessary to protect the public and punish the Defendant. Further, the Court found that there were three different children that the Defendant failed to support and that the harm was so great that no single prison term for the offenses committed adequately reflects the seriousness of the offender's conduct. Further, the Defendant was given the privilege of Community Control and the Pretrial Diversion program to resolve the within case, which he has violated in both situations.

{¶ 6} Appellant now challenges the consecutive nature of his sentences on appeal. He asserts that the lower court did not make the findings required by R.C. 2929.14(C)(4) for imposing consecutive sentences. The state has not filed a brief in opposition.

{¶ 7} We review consecutive sentences under the standard of review set forth in R.C. 2953.08. *State v. Banks*, 6th Dist. Lucas No L-13-1095, 2014-Ohio-1000, ¶ 10. Under R.C. 2953.08(G)(2), we may increase, reduce, or modify a sentence, or vacate the sentence and remand that matter to the sentencing court for resentencing, if we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law. This same standard applies on review of the imposition of consecutive sentences following a

5.

community control revocation hearing. *State v. Steck*, 6th Dist. Wood Nos. WD-13-017 and WD-13-018, 2014-Ohio-3623.

{¶ 8} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 9}** In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, the Supreme Court of Ohio clarified the responsibilities of a trial court when imposing consecutive sentences:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶ 10}** The court further explained:

[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Id.* at ¶ 29.

**{¶ 11}** At the sentencing hearing below, the lower court found that consecutive sentences were necessary to protect the public and punish the offender. We can also discern from the transcript that the court found, pursuant to R.C. 2929.14(C)(4)(c) that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant. The court also found that

7.

consecutive terms were justified because of appellant's course of conduct in failing to support three different children. In its judgment entry of sentence, the court made these findings as well and further found that the harm caused by those multiple offenses was so great or unusual that no single prison term for the offenses committed would reflect the seriousness of appellant's conduct. There is nothing in the record, however, from which we can conclude that the court determined that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger that appellant poses to the public, a finding mandated by R.C. 2929.14(C). The judgment entry of sentence is similarly void of this required finding.

{¶ 12} Accordingly, because the record does not support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C), the imposition of consecutive sentences by the trial court was contrary to law and the sole assignment of error is well-taken.

{¶ 13} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed in part and reversed in part. The sentence is vacated and the case is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part<br>and reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

JUDGE

Arlene Singer, J.         

_____

James D. Jensen, P.J.          JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.