[Cite as *State v. Jones*, 2018-Ohio-882.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1010

    Appellee                                Trial Court No. CR0201601894

v.

Keyon Jones                                  **DECISION AND JUDGMENT**

    Appellant                             Decided:  March 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew J.
Lastra, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Keyon Jones, appeals the judgment of the Lucas County Court of

Common Pleas, convicting him, following a plea of no contest, of one count of assault of

a peace officer in violation of R.C. 2903.13(A) and (C)(5), a felony of the fourth degree.

For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On July 14, 2016, appellant entered his plea of no contest to the count of assault of a peace officer. The trial court accepted his plea, found him guilty, and continued the matter for preparation of a presentence investigation report. On August 30, 2016, a sentencing hearing was held, at which the trial court sentenced appellant to 12 months in prison.

{¶ 3} Relevant here, the trial court also notified appellant that he was "ordered to pay the costs of prosecution." In its subsequent judgment entry, the trial court further stated,

> Defendant found to have, or reasonably may be expected to have, the
> means to pay all or part of the applicable costs of supervision, confinement,
> assigned counsel, and prosecution as authorized by law. Defendant ordered
> to reimburse the State of Ohio and Lucas County for such costs. This order
> of reimbursement is a judgment enforceable pursuant to law by the parties
> in whose favor it is entered. Defendant further ordered to pay the cost
> assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021. Notification
> pursuant to R.C. 2947.23 given.

## II. Assignment of Error

{¶ 4} In a previous order, we granted appellant's motion for a delayed appeal, and appellant now presents one assignment of error for our review:

> The trial court erred to the prejudice of Mr. Keyon Jones when it
> ordered the imposition of new costs and fees in its Sentencing Judgment

2.

Entry outside of Mr. Jones's presence and never determined Mr. Jones's present and future ability to pay such costs and fees as required by R.C. 2929.19(B)(5).

### III. Analysis

{¶ 5} We review felony sentences under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 6} In his brief, appellant argues that his sentence is contrary to law because the trial court imposed the additional costs of supervision, confinement, appointed counsel, and the costs assessed pursuant to R.C. 9.92(C), 2929.18, and 2951.021, without notifying him of those costs at the sentencing hearing. Further, appellant argues that the trial court erred in imposing the costs of supervision, confinement, appointed counsel, and those assessed pursuant to R.C. 2929.18 without determining his present and future ability to pay those costs. Finally, appellant argues that the trial court erred in ordering him to pay a monthly supervision fee under a community control sanction pursuant to

3.

R.C. 2951.021 where the trial court did not sentence him to community control. For its part, the state concedes that the costs, other than the costs of prosecution, were imposed outside of appellant's presence at the sentencing hearing.

{¶ 7} We encountered a similar situation in *State v. Williams*, 2013-Ohio-726, 987 N.E.2d 322 (6th Dist.). In that case, we reversed Williams's judgment of conviction to the extent it imposed an obligation to pay the costs of appointed counsel, confinement, and supervision because Williams was not notified of those costs at his sentencing hearing. We explained,

> Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." Because a defendant is required to be present when sentence is imposed, it constitutes reversible error for the trial court to impose a different sentence in its judgment entry than was announced at the sentencing hearing in defendant's presence. Thus, if there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required. (Citations omitted). *Id.* at ¶ 49, quoting *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 79.

{¶ 8} Likewise, here, we reverse appellant's judgment of conviction as it relates to the imposition of costs other than the costs of prosecution. In addition, because we are reversing the imposition of costs, we do not reach appellant's second issue regarding whether the court made a finding regarding his ability to pay, or his third issue regarding

4.

the imposition of the costs of supervision under R.C. 2951.021 where he was not sentenced to community control. *See id.* at ¶ 51.

{¶ 9} Accordingly, appellant's assignment of error is well-taken.

## IV. Conclusion

{¶ 10} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed only insofar as it relates to the imposition of costs other than the costs of prosecution. This matter is remanded to the trial court for a limited resentencing on the issue of costs. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE