[Cite as *State v. Temple*, 2019-Ohio-3503.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-18-1070 |
| Appellee | Trial Court No. CR0201701280 |
| v. | |
| Leonard Temple | **DECISION AND JUDGMENT** |
| Appellant | Decided:  August 30, 2019 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Leonard Temple, appeals the March 2, 2018 judgment

of the Lucas County Court of Common Pleas which, following his no contest plea to

involuntary manslaughter, sentenced him to a total of 11 years of imprisonment.  We

conclude that the prison sentence was supported by the record and in conformity with the

law; however, the costs of appointed counsel, confinement and supervision were not properly imposed.

{¶ 2} The relevant facts are as follows. Appellant was indicted on February 10, 2017, on one count of murder, R.C. 2903.02(B) and 2929.02, with a firearm specification. The charge stemmed from the January 12, 2017 shooting death of minor victim D.A.

{¶ 3} On January 23, 2018, appellant entered a no contest plea to one count of involuntary manslaughter. At the hearing, the trial court informed appellant of the maximum penalties he was facing, as well as the rights he was waiving by entering the plea. The state then proffered the factual basis for the plea as follows. On January 12, 2017, in Lucas County, Ohio, the victim went to the appellant's home. A third individual was there and then appellant returned home from work. The victim was shot in the chest. When police arrived, appellant stated that the victim accidentally shot himself. The weapon and shell casing were also missing; it was later discovered that the third individual took the items. Appellant later admitted that he had the gun and that it went off when he tossed it on the coffee table. The court then accepted the plea.

{¶ 4} On February 28, 2018, the sentencing hearing was held. Appellant was sentenced to ten years of imprisonment for involuntary manslaughter and a one-year prison term for the firearm specification. The sentencing judgment entry was journalized on March 2, 2018. In the entry, in addition to his prison sentence, appellant was found to have or be expected to have the means to pay "all or part of the applicable costs of

2.

supervision, confinement, assigned counsel and prosecution." The court indicated that appellant was notified pursuant to R.C. 2947.23. This appeal followed.

{¶ 5} Appellant now raises two assignments off error for our review:

Assignment of Error I: The record does not clearly and convincingly support the sentence for involuntary manslaughter.

Assignment of Error II: The trial court abused its discretion when it ordered appellant, only in the judgment entry, to pay costs and appointed counsel fees, as appellant's lengthy sentence renders him unable to pay, the trial court made no finding of ability to pay at sentencing, did not impose any costs or appointed counsel fees at sentencing.

{¶ 6} Appellant's first assignment of error contends that the sentence given is not supported by the record. R.C. 2953.08(G) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7} As appellant acknowledges, he was convicted of involuntary manslaughter, R.C. 2903.04(A), a first-degree felony, with a sentencing range of three to 11 years and a

3.

one-year mandatory firearm specification sentence. At the sentencing hearing, trial counsel spoke extensively on appellant's behalf highlighting the relationship between appellant and the victim as well as the fact that appellant has no prior criminal history and had been employed. Appellant expressed remorse and apologized to the victim's family

{¶ 8} In sentencing appellant, the court first stated that it considered the record, oral statements, any victim impact statements, and the presentence investigation reports. The court then noted that it considered the principles and purposes of R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 9} Appellant argues that in sentencing appellant, the trial court rejected all mitigation statements and incorrectly found that appellant expressed no remorse. After setting forth that the court considered the principles and purposes of sentencing and the seriousness and recidivism factors, the court stated:

> You lied to the police. Three times. You told the police the victim, who is just a 14-year-old child, was playing with the gun and shot himself. Then you changed your story and said that the victim was playing with the gun, you took it from him, placed it on the table and it went off. And then you said you took the gun from the victim, threw it on the table and it went off.

The court further noted that the presentence investigation report gave a different account of the facts and that appellant's statement therein failed to demonstrate any remorse.

4.

{¶ 10} Upon review, we cannot say that the court's findings were in error or that the sentence was not supported by the record. Appellant's first assignment of error is not well-taken.

{¶ 11} In appellant's second assignment of error he asserts that the trial court erred in ordering him to pay various court courts, including the costs of prosecution and assigned counsel, without verbally notifying appellant of the imposition at sentencing. As to the costs of prosecution, R.C. 2947.23(A)(1)(a) requires that "[i]n all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." While a trial court has discretion to waive the payment of court costs if the defendant is indigent, *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14, appellant did not move the court for such a waiver. However, R.C. 2947.23(C), reads: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Thus, appellant has the option to move the court to waive the imposition of the costs of prosecution. *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 13, fn. 1, citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.2d 1028, ¶ 263-265. Thus, although the trial court should have informed appellant of the imposition of the prosecution costs at sentencing, any error is deemed harmless.

{¶ 12} Unlike the costs of prosecution, imposition of the costs of appointed counsel and confinement must be conditioned upon appellant's ability to pay. *State v.*

5.

*Seals*, 6th Dist. Lucas No. L-17-1177, 2018-Ohio-2028, ¶ 14.  Specifically, R.C.

2941.51(D) provides, "if the person represented has, or reasonably may be expected to

have, the means to meet some part of the cost of the services rendered to the person, the

person shall pay the county an amount that the person reasonably can be expected to

pay."  Likewise, R.C. 2929.18(A)(5)(a)(ii) authorizes as a financial sanction, "[a]ll or part

of the costs of confinement * * * provided that the amount of reimbursement ordered

under this division shall not exceed the total amount of reimbursement the offender is

able to pay as determined at a hearing and shall not exceed the actual cost of the

confinement."  We have held that although a formal hearing is not required, "the court

must enter a finding that the offender has the ability to pay and that determination must

be supported by clear and convincing evidence of record."  *State v. Maloy*, 6th Dist.

Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 14, citing *State v. Jobe*, 6th Dist. Lucas No.

L-07-1413, 2009-Ohio-4066, ¶ 80.  *See State v. Stubbs*, 6th Dist. Sandusky No. S-18-051,

2019-Ohio-2645, ¶ 19.  In *Stubbs*, we found no error where at the sentencing hearing the

court noted the defendant's "physical state and past employment opportunities" in finding

that he had the ability to pay the costs of appointed counsel.  *Id.* at ¶ 20.  *Accord State v.*

*Williams*, 6th Dist. Lucas No. L-17-1186, 2019-Ohio-2657.

{¶ 13} Here, the trial court did not mention the imposition of any of the costs

during the sentencing hearing, but included in its sentencing judgment entry that

"Defendant found to have, or reasonably may be expected to have, the means to pay all or

6.

part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." This is not sufficient. *See* Crim.R. 43(A).

{¶ 14} Accordingly, we vacate that portion of the sentencing judgment entry ordering that appellant pay the costs of assigned counsel, confinement, and supervision. Appellant's second assignment of error is well-taken, in part.

{¶ 15} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed, in part. The imposition of the costs of assigned counsel, confinement and supervision is vacated. Pursuant to App.R. 24, the parties are ordered to equally share the costs of this appeal.

Judgment affirmed, in part
and vacated, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                JUDGE

Arlene Singer, J.          

Christine E. Mayle, P.J.          _____
CONCUR.                                         JUDGE


                                  _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.