[Cite as *Perrysburg v. Wells*, 2019-Ohio-4620.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg          Court of Appeals No. WD-19-007

      Appellee                     Trial Court No. TRC 1805498

v.

Raymone L. Wells, Jr.             **DECISION AND JUDGMENT**

      Appellant                Decided:  November 8, 2019

* * * * *

Gina M. Wasserman, for appellee.

Blaise Katter, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Raymone L. Wells, Jr., appeals the January 10, 2019 judgment of the Perrysburg Municipal Court with regard to its imposition of probation and a driver's license suspension following his conviction for a violation of R.C. 4511.194. For the reasons that follow, we modify the judgment of the trial court.

**{¶ 2}** Appellant sets forth one assignment of error:

The Trial Court Erred by Reconsidering its Final Judgment of Sentence and Adding Terms of Sentence after the Sentencing Hearing was Concluded.

## Background

**{¶ 3}** On September 3, 2018, appellant was charged with two counts of operating a vehicle while intoxicated, violations of R.C. 4511.19(A)(1)(a) and (d), and one count of traveling across marked lanes, a violation of Rossford Municipal Code 331.08.

Following his initial not guilty plea on September 6, 2018, appellant appeared before the Perrysburg Municipal Court on January 10, 2019, for a change of plea hearing. At that hearing, the trial court accepted the prosecutor's written recommendation that the charge for a violation of R.C. 4511.19(A)(1)(a) should be amended to a violation of R.C. 4511.194, having physical control of a vehicle while under the influence of alcohol or drugs.[1] The court also accepted the prosecutor's recommendation to dismiss the remaining charges. After being fully advised of his rights, appellant entered a guilty plea to the amended charge. The court found appellant guilty of the R.C. 4511.194 violation

---

[1] In its brief, the state acknowledges it was not represented at the January 10, 2019 hearing. The state's request for amendment was submitted through written motion and granted contemporaneously with the court's sentencing judgment. The state's lack of representation at the sentencing hearing is not at issue in this appeal.

and orally dismissed the remaining charges.[2]  Appellant and his counsel spoke in mitigation, then the court proceeded to sentencing.  The court orally imposed the following sentence:

> I am going to give you 33 days in the Wood County Justice Center.  I am going to allow you to do three of those days in the Driver Intervention Program, the remaining 30 days I am going to suspend.  I am going to grant you limited driving privileges upon a proper motion by [appellant's counsel] for to and from work, to and from school, so that you can continue to grow yourself, and this doesn't put too much of a damper on that.  I am going to assess a fine of $375 plus court costs.

When addressing appellant's ability to pay the fine, the court stated "[w]e want to get these paid too so we don't have to suspend your license again."  The court concluded the hearing with no further reference to appellant's sentence.

{¶ 4} Later that same day, the court's sentencing judgment was journalized by the clerk.  The judgment reflected appellant's sentence as 33 days in jail with 30 days suspended and 3 days in a driver intervention program, a 12-month driver's license suspension with limited driving privileges, and 24 months of probation conditioned on

---

[2] Due to an apparent oversight, the remaining charges were not actually dismissed until the trial court's May 10, 2019 dismissal entry following leave from this court to supplement the record to correct this omission.

3.

appellant being screened for substance abuse and complying with any recommended substance abuse treatment. Appellant timely appealed.

## Law and Analysis

{¶ 5} We review misdemeanor sentences under an abuse of discretion standard. *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 26 (6th Dist.). An abuse of discretion indicates the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 6} Appellant challenges that portion of the trial court's judgment which added terms to his sentence after the sentencing hearing. Appellant contends the court's imposition of sentence at the hearing was a final order, which the court lacked jurisdiction to modify in its sentencing judgment. Appellant also asserts the court violated his Crim.R. 43(A) right to be present for imposition of sentence by adding terms to the sentencing judgment which were not imposed at the hearing.

{¶ 7} Crim.R. 43(A) provides "the defendant must be physically present at every stage of the criminal proceeding and trial, * * * and the imposition of sentence[.]" We recently found it was not sufficient, in regard to Crim.R. 43(A), for a trial court to order the payment of costs in its sentencing judgment entry when the court did not mention the imposition of costs during the sentencing hearing. *State v. Temple*, 6th Dist. Lucas No. L-18-1070, 2019-Ohio-3503, ¶ 11-13. We therefore vacated the portion of the sentencing judgment ordering the payment of certain costs. *Id.* at ¶ 14.

4.

{¶ 8} Here, a review of the transcript of the sentencing hearing as well as the sentencing judgment shows the transcript is devoid of any reference to probation, but the judgment orders appellant to serve a term of 24 months of probation, with conditions.

{¶ 9} R.C. 2929.27(A)(5) and (6) provides that a court which is imposing a sentence for a misdemeanor, may impose upon the offender a term of intensive probation supervision or a term of basic probation supervision. We note the statute clearly reads the court may, which means that it is discretionary upon the court, not mandatory, impose probation on the offender.

{¶ 10} Regarding the driver's license suspension, the court indicated at the hearing that it would grant appellant driving privileges for travel to and from school and work upon filing of the appropriate motion.[3] The state maintains this reference to granting driving privileges is sufficient to inform appellant of the suspension.

{¶ 11} R.C. 4511.194(D) provides the court "may impose on the offender a class seven suspension of the offender's driver's license * * * from the range specified in division (A)(7) of section 4510.02 of the Revised Code." R.C. 4510.02(A)(7) limits this discretionary suspension to "a definite period not to exceed one year."

---

[3] Appellant's license was initially subject to an administrative license suspension pursuant to R.C. 4511.191. Appellant filed a written appeal of that suspension with the court, in accordance with R.C. 4511.197, but requested a delay in those proceedings so the administrative suspension could be addressed at the same time as any motions to suppress appellant anticipated filing. The record does not reflect any proceedings related to the R.C. 4511.197 procedure or resolution of the administrative license suspension and these issues are not subject to this appeal.

{¶ 12} While the court's reference to driving privileges at the sentencing hearing may have put appellant on notice of the court's intention to suspend his license, the court made no mention of the length of any intended suspension, and did not actually impose a suspension. Yet, in the sentencing judgment, appellant was given a 12-month driver's license suspension.

{¶ 13} We find, in accordance with *Temple*, it was not sufficient for the court to order probation and a driver's license suspension in its sentencing judgment when the court did not mention probation and a 12-month driver's license suspension to appellant during the sentencing hearing. We further find the court violated appellant's Crim.R. 43(A) right to be present for sentencing and abused its discretion by ordering probation and a driver's license suspension in its sentencing judgment. Pursuant to App.R. 12(B), we find the trial court's judgment ordering the suspension of appellant's driver's license and placing appellant on probation should be modified as a matter of law. We hereby exercise our authority, under App.R. 12(B), and modify the court's judgment to vacate that portion of the judgment ordering probation and license suspension. Accordingly, appellant's assignment of error is well-taken.

**Conclusion**

{¶ 14} On consideration whereof, we modify the January 10, 2019 judgment of the Perrysburg Municipal Court to vacate the imposition of probation and license suspension.

6.

We affirm the trial court's judgment, as modified.  Further, the stay of appellant's driver's license suspension pending appeal is ordered terminated.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, as modified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
                          JUDGE
Arlene Singer, J.
CONCUR.

_____
                          JUDGE

Gene A. Zmuda, J.,
DISSENTS.

**ZMUDA, J.**

{¶ 15} Although I agree with the majority that the trial court improperly denied appellant his Crim.R. 43(A) right to be present for the imposition of sentence, I do not agree with their conclusion that the denial of that right permits this court to modify appellant's sentence as a matter of law under App.R. 12(B).  Accordingly, I respectfully must dissent.

7.

{¶ 16} The issue before this court is whether the trial court denied appellant his rights under Crim.R. 43(A) by imposing a 24-month term of probation and a 12-month driver's license suspension in its judgment entry when those terms were not imposed in appellant's presence at the sentencing hearing. Crim.R. 43(A) identifies a defendant's right to be "physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence[.]" This court has consistently held that when a trial court imposes a sentence in the judgment entry which was not announced at the sentencing hearing, it violates the defendant's right to be present at sentencing. *See State v. Williams*, 6th Dist. Lucas No. L-11-1084, 2013-Ohio-726, ¶ 49; *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 81; *State v. Pfeifer*, 6th Dist. Ottawa No. OT-10-013, 2011-Ohio-289, ¶ 8. The majority reaches the same conclusion here. However, I dissent as it relates to the majority's determination this court has authority to vacate those additional sentencing terms as a matter of law rather than remanding this matter for resentencing.

{¶ 17} "[I]f there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required." *State v. Jones*, 6th Dist. Lucas No. L-17-1010, 2018-Ohio-882, ¶ 7, citing *Williams* at ¶ 49. Significant prior precedent reflects our adherence to this directive by remanding matters for resentencing upon finding a violation of Crim.R. 43(A). *See State v. Jones*, 6th Dist. Sandusky No. S-18-036, 2019-Ohio-2646; *State v. Robinson,* 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 79; *State v. Zell*, 6th Dist. Erie No. E-12-066,

8.

2013-Ohio-5354, ¶ 13;   *State v. Hunter*, 6th Dist. Lucas No. L-12-1101, 2013-Ohio-4738, ¶ 33; *State v. Pfeifer*, 6th Dist. Ottawa No. OT-10-013, 2011-Ohio-289, ¶ 8; *State v. Hardison*, 6th Dist. Lucas No. L-10-1282, 2011-Ohio-4859, ¶ 9.  I see no reason to diverge from this long-standing precedent in this matter.

{¶ 18} Rather than remand this matter for resentencing, however, the majority vacated appellant's probation and driver's license suspension as a matter of law.  The majority relies on App.R. 12(B) which states, in relevant part:

> When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered[.] * * * In all other cases where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly.

This court has previously invoked App.R. 12(B) to modify trial court decisions as a matter of law.  *See Toledo v. Williams*, 6th Dist. Lucas No. L-17-1120, 2018-Ohio-1954, ¶ 29-31 (holding the record's silence as to "any proof of the elements of the charge" was insufficient as a matter of law to convict defendant following a no contest plea); *State v. Fizer*, 6th Dist. Lucas No. L-15-1307, 2016-Ohio-8384, ¶ 7-14 (holding the trial court's order that defendant's misdemeanor sentence be served consecutive to a

9.

contemporaneous felony sentence and consecutive to a future sentence to be imposed in another jurisdiction was contrary to statute and constituted error as a matter of law); *State v. Nimocks*, 6th Dist. Lucas No. L-14-1115, 2015-Ohio-394, ¶ 3-6 (holding the trial court's imposition of 6-month jail term following a misdemeanor conviction exceeded the 180-day statutory limit for misdemeanor incarceration as a matter of law); *State v. Leach*, 6th Dist. Lucas No. L-09-1327, 2011-Ohio-866, ¶ 5-8 (holding trial court's sentencing defendant to serve 6 months in prison instead of jail following a misdemeanor conviction was contrary to existing statutes and error as a matter of law). In each of these instances, we explained why either the conviction itself or the sentences imposed were not supported under existing law. As a result, those respective defendants were entitled to judgment in their favor which we rendered in accordance with App.R. 12(B).

{¶ 19} In relying on App.R. 12(B) here, the majority necessarily had to conclude appellant was entitled to have the probation and driver's license suspension vacated as a matter of law. However, the majority did not cite any reasons or authority for its conclusion beyond the appellate rule of procedure establishing the standard for when modification is appropriate. Without additional rationale, I find no reason to abandon prior authority requiring a remand for resentencing. The lack of authority is particularly notable as the trial court was in fact statutorily authorized to impose the disputed terms of sentence notwithstanding the Crim.R. 43(A) violation.

{¶ 20} At his change of plea hearing, appellant pleaded guilty to having physical control of a vehicle while under the influence of drugs or alcohol in violation of R.C.

10.

4511.194, a first-degree misdemeanor. R.C. 4511.194(D). The trial court found appellant guilty and proceeded immediately to sentencing.

{¶ 21} When imposing a sentence for a first-degree misdemeanor, a trial court is granted statutory authority to impose probation pursuant to R.C. 2929.25 and 2929.27. Additionally, a trial court is authorized to impose a driver's license suspension for a definite period not to exceed one year following conviction for a violation of R.C. 4511.194(B). R.C. 4511.194(D) and 4510.02(A)(7). No argument has been made, and I see no authority to suggest, that these terms in and of themselves are contrary to law which might warrant modification of appellant's sentence.

{¶ 22} The error in this case is that the trial court imposed these terms outside appellant's presence in violation of Crim.R. 43(A). The denial of appellant's right to be present for sentencing was a violation of his right to due process. *State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983). That violation, however, does not render the *terms* of appellant's sentence defective as a matter of law. It is merely the *procedure* under which the otherwise lawful sentence was imposed that was defective. Appellant is not entitled to a sentence which does not include probation or a driver's license suspension as a matter of law. Instead, appellant is entitled to a sentencing hearing in which his due process rights are protected through his presence in accordance with Crim.R. 43(A). Remanding this matter for resentencing comports with existing precedent and protects appellant's clearly defined rights. Therefore, I dissent from the majority in

11.

its conclusion that App.R. 12(B) provides authority to make such a modification. I would reverse the trial court's judgment and remand this matter for resentencing.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.