[Cite as *State v. Sanders*, 2020-Ohio-4608.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                            Court of Appeals Nos. WM-19-016
                                                                                        WM-19-017
          Appellee

                                                        Trial Court Nos.  19CR050
v.                                                                                      19CR136

Mark Sanders                                            **DECISION AND JUDGMENT**

          Appellant                                     Decided:  September 25, 2020

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney, and
Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, appellant, Mark Sanders, appeals from the judgment entries of the Williams County Court of Common Pleas which, following negotiated guilty pleas to the charges of aggravated possession of drugs and failure to appear, sentenced him to a consecutive sentence of 28 months of imprisonment.  We

conclude that the prison sentence was in conformity with the law; however, the imposition of a consecutive sentence was contrary to law, and the costs of appointed counsel was not properly imposed.

## I. Facts and Procedural Background

{¶ 2} On February 26, 2019, appellant was indicted for aggravated possession of drugs, a fifth-degree felony. Appellant failed to appear for the hearing on his motion to suppress and was indicted for failure to appear, a fourth-degree felony.

{¶ 3} On July 3, 2019, appellant entered guilty pleas to the charges. The state recommended own recognizance ("OR") release in order to determine whether he was an appropriate community control candidate. Appellant represented to the court his plan to go to recovery services, complete the presentence investigation, and get a job as soon as he was released.

{¶ 4} At the August 15, 2019 sentencing hearing, the state notified the court of appellant's failure to appear at his scheduled appointment with probation and recommended a consecutive sentence to protect the public. Appellant rebutted claiming that he was only late to the appointment and had rescheduled. However, the trial court after considering the factors under R.C. 2929.12, found that a prison sentence was consistent with the purposes of R.C. 2929.11 and sentenced him to 28 months in prison: 11 months for possession of drugs, and 17 months for failure to appear. The court further ordered that the sentences be served consecutively due to the great or unusual harm, appellant's criminal history, and the need to protect the public.

2.

**{¶ 5}** In the sentencing judgment entries, the court ordered appellant to pay any court-appointed counsel costs, prosecution costs, and supervision fees. This appeal followed.

## II. Assignments of Error

**{¶ 6}** Appellant now raises two assignments of error for our review:

Assignment of Error One: The consecutive sentence is clearly and convincingly not supported by the record and should be modified on appeal.

Assignment of Error Two: The trial court erred when it imposed costs of appointed counsel in the judgment entry but failed to impose those costs at sentencing, and without finding appellant had the ability to pay.

## III. Law and Analysis

**{¶ 7}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager,* 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, quoting R.C. 2953.08(G)(2).

3.

## A. Consecutive Sentencing

{¶ 8} In his first assignment of error, appellant argues that the sentence is contrary to the purpose and principles of felony sentencing and that the trial court's order to serve his sentence consecutively was not supported by the record.

{¶ 9} A felony sentence is considered to be "contrary to law" if the trial court failed to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when determining the appropriate sentence. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8.

{¶ 10} To impose a consecutive sentence, the trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * * "; (2) the imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * * "; and (3) one of the factors in R.C. 2929.14(C)(4)(a)-(c) applies. R.C. 2929.14(C)(4). R.C. 2929.14(C)(a)-(c) provides:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

    (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 11}** At sentencing, a trial court must make its findings under R.C. 2929.14(C)(4), and incorporate them into the sentencing judgment entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. But the trial court is not required to state the reasons behind its findings. *Id.* Thus, the trial court's recitation of the statute is sufficient to support the imposition of consecutive sentences. *State v. Braswell*, 6th Dist. Lucas No. L-16-1197, 2018-Ohio-3208, ¶ 40, citing *State v. Ault*, 6th Dist. Ottawa No. OT-13-037, 2015-Ohio-556, ¶ 12.

**{¶ 12}** On the date of sentencing, the prison terms for a fourth-degree felony ranged from six to 18 months. R.C. 2929.14(A)(4). The prison terms for a fifth-degree felony ranged from six to 12 months. R.C. 2929.14(A)(5). R.C. 2929.13(B)(1) provides, in relevant part:

    (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

&#42; &#42; &#42;

**(ix)** The offender at the time of the offense was serving, or the offender previously had served, a prison term.

**(x)** The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 13} In sentencing appellant, the trial court indicated that it considered the record, oral statements, appellant's criminal history, the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Here, the 17-month prison sentence imposed for failure to appear and the 11-month sentence for possession of drugs were within the statutory ranges. Thus, the individual sentences were proper.

{¶ 14} At the sentencing hearing, the trial court also ordered the sentence to be served consecutively stating:

I find that consecutive sentences are necessary to protect the public and to punish you for your conduct. That one crime was committed while you were on probation or under sanction with this Court. The harm was so great or unusual that a single term does not adequately reflect the seriousness of your conduct. And that your criminal history shows that consecutive terms are necessary.

6.

{¶ 15} However, the transcript of appellant's sentencing hearing further shows that the trial court did not make the findings required by R.C. 2929.14(C)(4). The findings included in the judgment entry stated:

> The Court finds that consecutive sentences are necessary because the offender committed one or more of the offenses while awaiting trial, the harm caused by the offender was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} An appellate court must conduct a "meaningful review" of a trial court's decision to impose consecutive sentences pursuant to R.C. 2953.08(G)(2). *State v. Peters*, 8th Dist. Cuyahoga No. 108068, 2019-Ohio-4461, ¶ 30. *See* R.C. 2953.08(F) ("On the appeal of a sentence under this section, the record to be reviewed shall include * * * (1) [a]ny presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed[;] * * * (2) [t]he trial record in the case in which the sentence was imposed; [and] (3) [a]ny oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed[.]").

{¶ 17} Upon review of the record, we clearly and convincingly find that the imposition of a consecutive sentence was contrary to law. The trial court made only two of the three findings required under R.C. 2929.14(C)(4) before it imposed a consecutive

7.

sentence. Specifically, the trial court found that the consecutive sentences were necessary to protect the public from future crime or punish the offender and found that all of the factors in R.C. 2929.14(C)(4)(a)-(c) applied. However, the trial court did not find that imposition of a consecutive sentence was not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). *See State v. Tea*, 6th Dist. Sandusky No. S-15-013, 2016-Ohio-741, ¶ 11. The judgment entry of sentence is similarly devoid of this required finding. Because the trial court did not make all of the R.C. 2929.14(C)(4) findings on the record prior to imposing a consecutive sentence, we find that its imposition was contrary to law.

{¶ 18} Based on the foregoing, we conclude that the prison sentences were not contrary to law and were supported by the record, but the consecutive sentence was contrary to the law for the reasons stated above. Appellant further requests that this court modify the judgments and impose a concurrent sentence. After reviewing the record we cannot say that nothing in the record exists to support a consecutive sentence. It is not this court's role to reverse a sentence simply because we disagree with it. *Compare State v. Regalo*, 8th Dist. Cuyahoga No. 108430, 2020-Ohio-917 (appellate court imposed a concurrent sentence where defendant was employed, had no criminal record, and he committed no offenses following the criminal conduct at issue.) Appellant's first assignment of error is well-taken, in part.

8.

## B. Costs

{¶ 19} In his second assignment of error, appellant argues the trial court erred in ordering him to pay court-appointed counsel fees without first determining whether he had the ability to pay and erred in ordering appellant to pay costs without orally notifying appellant of the imposition at sentencing. We agree.

{¶ 20} The assessment of the costs of assigned counsel is discretionary and "must be conditioned on appellant's ability to pay." *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14. Prior to imposing these costs, the trial court must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay. *Id*.; *State v. Gray*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 21. The finding of ability to pay must be supported by clear and convincing evidence in the record. *Id*. When the record on appeal contains no evidence reflecting the trial court's consideration of present or future ability to pay these costs—such as consideration of defendant's age, health, employment history, or level of education—the imposition of these costs is improper and must be vacated. *State v. Stovall*, 6th Dist. Lucas No. L-18-1048, 2019-Ohio-4287, ¶ 37.

{¶ 21} Further, Crim.R. 43(A) provides "the defendant must be physically present at every stage of the criminal proceeding and trial, * * * and the imposition of sentence[.]" This court recently found it is "not sufficient, in regard to Crim.R. 43(A), for a trial court to order the payment of costs in its sentencing judgment entry when the court did not mention the imposition of costs during the sentencing hearing." *State v.*

9.

*Wells*, 6th Dist. Wood No. WD-19-007, 2019-Ohio-4620, ¶ 7, citing, *State v. Temple*, 6th Dist. Lucas No. L-18-1070, 2019-Ohio-3503, ¶ 11-13. This court has further held that a trial court's failure in finding the offender has the ability to pay requires vacating the order. *State v. Simon*, 6th Dist. Fulton No. F-18-012, 2019-Ohio-3020, ¶ 4.

{¶ 22} At the sentencing hearing, the trial court neither mentioned imposition of attorney fee costs orally nor did it find that appellant had the ability to pay. The judgment entry stated "[d]efendant is ordered to pay all costs of prosecution, any court-appointed counsel costs, and any supervision fees permitted, pursuant to Ohio Revised Code §2929.18(A)(4)." The court did not notify appellant that it was imposing these costs and there is nothing in the record to support the trial court's finding that appellant is now, or will be in the future, able to pay these costs. Although appellant indicated that he was actively seeking employment, he had not worked in years due to health problems and never held a job of any kind.

{¶ 23} In sum, the trial court erred in ordering appellant to pay costs in its sentencing judgment entry when the court failed to mention the imposition of any fees or costs during the sentencing hearing in violation of Crim.R. 43(A). Thus, appellant's second assignment of error is found well-taken.

### IV. Conclusion

{¶ 24} Upon consideration of the foregoing, we find that the judgments of the Williams County Court of Common Pleas are reversed, in part, and we vacate the portion of the trial court's judgments imposing consecutive sentences and remand to the trial

court for resentencing. We further modify the August 15, 2019 judgments of the Williams County Court of Common Pleas to vacate the imposition of attorney fees and costs. Pursuant to App.R. 24, the state is to pay the costs of this appeal.

Judgments reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

JUDGE

Thomas J. Osowik, J.
CONCUR.

_____

JUDGE

Gene A. Zmuda, J. _____
DISSENTS, IN PART,
CONCURS, IN PART, AND
WRITES SEPARATELY.

JUDGE

**ZMUDA, P.J.**

{¶ 25} Because I find the trial court complied with the requirements for consecutive sentencing under R.C. 2929.14(C)(4), I dissent, in part, and would affirm the trial court's consecutive sentence. I concur, in part, with the majority's determination

regarding the imposition of each sentence as appropriate under R.C. 2929.13, and regarding the improperly assigned costs of assigned counsel.

{¶ 26} As an initial matter, I agree that the 17-month prison sentence imposed for failure to appear and the 11-month sentence for possession of drugs are within the statutory ranges. I would add, however, that the trial court was within its discretion in imposing a prison term for a fourth and fifth-degree felony because the record demonstrated that the requirements under R.C. 2929.13(B)(1) were met. The trial court ordered these terms shall be served consecutively.

{¶ 27} As noted by the majority, imposition of consecutive sentences requires three statutorily enumerated findings as mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. These findings need not include "talismanic" words, however, but need only be sufficient to satisfy the statute. *Bonnell* at ¶ 37.

{¶ 28} In this case, the trial court ordered the sentences to be served consecutively, and stated the following at the sentencing hearing:

> I find that consecutive sentences are necessary to protect the public and to punish you for your conduct. That one crime was committed while you were on probation or under sanction with this court. The harm was so great or unusual that a single term does not adequately reflect the seriousness of your conduct. And that your criminal history shows that consecutive terms are necessary.

12.

The trial court incorporated this finding in the judgment entry, stating:

> The sentences of incarceration in Case Numbers 19CR050 and 19CR136 shall run consecutively. The Court finds that consecutive sentences are necessary because the offender committed one or more of the offenses while awaiting trial, the harm caused by the offender was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 29} Based on the findings at hearing and in the judgment entry, the trial court made the necessary findings under R.C. 2929.14(C)(4), which provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 30} While the trial court's findings do not the track the statutory list of findings in sequence, and the trial court did not recite the statutory factors verbatim, the trial court nevertheless determined that consecutive sentences were necessary to "protect the public from future crime," that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct" in that a single, concurrent term would not adequately reflect the seriousness of that conduct, and at least one of the offenses was committed "while the offender was awaiting trial or sentencing[.]" Meaningful review of the trial court's decision must include consideration of the meaning of the words employed by the court.

{¶ 31} The majority determined the trial court failed to consider whether imposition of consecutive sentences was proportionate to the seriousness of conduct and the protection of the public because the trial court stated its finding in terms of adequacy and necessity. However, finding a concurrent sentence would be *inadequate* in addressing the seriousness of the conduct and necessary for the protection of the public, is essentially a proportionality determination or a determination after weighing the alternatives. "'Proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime)." *State v. Rombkowski*, 6th Dist. Lucas No. L-18-1092, 2019-Ohio-2650, ¶ 12, quoting *State v. Brewster*, 8th Dist.

14.

Cuyahoga No. 103789, 2016-Ohio-3070, ¶ 10. A sentence is "not disproportionate" if it is adequate and fits the crime.

{¶ 32} And while the trial court failed to reiterate its adequacy determination in considering the need to protect the public, I see no purpose in requiring a trial court to recite its findings in duplicate, merely because the statute includes potentially redundant terms. It is possible that a trial court could find consecutive sentences proportionate, yet not necessary. But I find no possibility that a trial court could find a *necessity* to protect the public without also satisfying the proportionality consideration.

{¶ 33} By stating that consecutive sentences are *necessary,* as opposed to unnecessary, I find the trial court satisfied the statutory findings in both the sentencing hearing and the sentencing entry. While the trial court could have better organized its articulation of sentencing considerations, we do not require "talismanic" recitations of the statute but look to the meaning of the language actually used. Accordingly, I would affirm the trial court's judgment imposing consecutive sentences, and find appellant's first assignment of error not well-taken. I agree with the majority, however, regarding the error in imposing the cost of appointed counsel and concur in finding appellant's second assignment of error well-taken.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.