[Cite as *State v. Williams*, 2014-Ohio-3624.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-13-1083

      Appellee                                   Trial Court No. CR0201202392

v.

Lamont Williams                               **DECISION AND JUDGMENT**

      Appellant                                  Decided:  August 22, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Deborah Kovac Rump, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, Lamont Williams, appeals his conviction following a no contest

plea for felonious assault, in violation of R.C. 2903.11(A)(3), a felony of the second

degree.  For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On August 22, 2012, the Lucas County Grand Jury issued a 14-count indictment against Lamont Williams and his co-defendant Rodmond Trotter. They were each charged with seven counts of felonious assault, in violation of R.C. 2903.11(A)(2), felonies of the second degree, and seven counts of improperly discharging a firearm at or into a habitation, in violation of R.C. 2923.161(A)(1), felonies of the second degree. All counts included firearm specifications pursuant to R.C. 2941.145.

{¶ 3} In February of 2013, Williams entered a plea of no contest to the first count of the indictment in exchange for the dismissal of Counts 2 through 14 and all firearm specifications. He was found guilty of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree.

{¶ 4} The trial court ordered a presentence investigation report ("PSI"), and the matter was scheduled for a sentencing hearing. At the hearing, the trial court indicated it had reviewed the PSI. It heard statements from Williams and his counsel. Thereafter, the court stated that there had been a hearing on a motion to suppress and that it was familiar with the facts of the case. The trial court reiterated those facts, as follows:

> On August the 9th of 2012, the police received a man with a gun call, two men with a gun call. The police responded. One officer observed in his rear-view mirror the defendant and the co-defendant shooting at a house. The two defendants fled.
>
> The police saw this defendant throw down a 9 mm handgun. There were bullet holes in two houses. Spent shell casings and spent rounds were

2.

recovered in front of the house and in the house. Defendant's prints were on the 9 mm handgun that was recovered. There were women and small children on the porch and in the houses that were shot at.

The defendant admits here to a dispute with one of the or the occupant of one house. And he just said he was just shooting in the air. He pled to a felonious assault, a felony of the second degree.

This defendant's 24 years old. As a juvenile he was convicted of ten misdemeanors and one felony. 2003 there was a petty theft, safe school ordnance twice, criminal trespass. Again two safe school ordnance violations in 2004. There was a fell – or there was a felony assault charge in 2006, as well as resisting, safe school ordnance, possession of drugs.

As an adult he's been convicted of ten misdemeanors. Obstructing, drug abuse, domestic violence, false information to the police.

{¶ 5} The trial court sentenced Williams to a term of seven years in prison and imposed a mandatory three-year term of postrelease control.

{¶ 6} In his sole assignment of error, Williams argues that the trial court abused its discretion in imposing a seven-year term of imprisonment.

{¶ 7} Pursuant to R.C. 2953.08(G)(2), we do not review felony sentences under an abuse of discretion standard. *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425. Rather, we review Williams' felony sentence to determine whether it is

3.

contrary to law under R.C. 2953.08(A)(4). *See State v. Bonds*. 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 14.

{¶ 8} In *Bonds*, the Eighth District Court of Appeals explained there are two grounds upon which a criminal defendant may claim that a sentence is contrary to law under R.C. 2953.08(A)(4). *Id*. at ¶ 5. "First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense." *Id.*, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10. "Second, a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.* at ¶ 6, citing *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶ 9} The appropriate prison term for felonious assault, a felony of the second degree, is "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). Williams was sentenced to seven years in prison, an appropriate term under the statute.[1] Thus, the trial court's sentence was not contrary to law under the first ground set forth in *Bonds*.

{¶ 10} As to the second ground, the trial court indicated that it considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12.

---

[1] In *State v. Trevino*, 6th Dist. Erie No. E-13-042, 2014-Ohio-3363, we recently held that "the approach articulated in *State v. Kalish* can be used in the context of determining whether a sentence is 'clearly and convincingly contrary to law' and thus 'outside the permissible statutory range.'" *Id.* at ¶ 20, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 893 N.E.2d 142, ¶ 15.

**{¶ 11}** R.C. 2929.11 sets forth the "overriding purposes of felony sentencing" in Ohio. R.C. 2929.11(A) states, in part:

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶ 12}** Here, the trial court indicated that Williams was not amenable to community control because his "actions show he is extremely dangerous." The court further indicated that it was "very fortunate that there were no deaths or serious injuries as a result of shooting into these houses." The record supports these conclusions. Thus, the trial court properly considered the principles and purposes of felony sentencing under R.C. 2929.11.

**{¶ 13}** R.C. 2929.12 sets forth the "[f]actors to consider in felony sentencing." R.C. 2929.12(A) provides:

> Unless otherwise required * * * a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of

5.

sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 14} This court has previously held that a sentencing court has fulfilled its duty to consider the seriousness and recidivism factors set forth in R.C. 2929.12 by merely stating that it has considered such factors. *State v. Redfern*, 6th Dist. Ottawa No. OT-12-014, 2013-Ohio-2480, ¶ 7. "[T]he sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender." *Id.*

{¶ 15} Here, the court indicated on the record that it considered the relevant sentencing factors. Thus, it need not articulate each factor on the record. *See State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6 (the trial court "need not go through each factor on the record – it is sufficient that the court acknowledges that it complied with its statutory duty to consider the factors without further elaboration").

6.

**{¶ 16}** Upon our review of the record, and for the reasons stated above, we find the seven-year term of imprisonment imposed by the trial court for the commission of felonious assault, a felony of the second degree, is not clearly and convincingly contrary to law. Accordingly, Williams' sole assignment of error is not well-taken.

**{¶ 17}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                           JUDGE
Arlene Singer, J.            

James D. Jensen, J.            _____
CONCUR.                                                  JUDGE

                                    _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.