[Cite as *State v. Bennett*, 2019-Ohio-4608.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                          Court of Appeals No.    H-18-020
                                                                              H-18-021
       Appellee
                                                      Trial Court No.   CRI 20180400
v.                                                                      CRI 20180502

Jeremiah M. Bennett                                   **<u>DECISION AND JUDGMENT</u>**

       Appellant                          Decided:  November 8, 2019

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} In this consolidated appeal, appellant, Jeremiah M. Bennett, appeals the

December 12, 2018 judgment of the Huron County Court of Common Pleas sentencing

him to an aggregate total of 12 years in prison following his conviction for two drug-

related offenses.  For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On June 8, 2018, Jeremiah M. Bennett was indicted on one count of illegal manufacture of drugs, a violation of R.C. 2925.04(A)(C)(3)(a) and one count of illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A)(C). The June 8, 2018 indictment was assigned Huron County Court of Common Pleas case No. CRI 20180400.

{¶ 3} On July 2, 2018, appellant was indicted on one count of illegal manufacture of drugs, a violation of R.C. 2925.04(A)(C)(3)(a); one count of illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A)(C); one count of attempted illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2923.02 and 2925.041(A)(C); one count of possessing drug abuse instruments, a violation of R.C. 2925.12(A)(C); one count of carrying a concealed weapon, a violation of R.C. 2923.12(A)(1)(F)(1); and one count of illegal use or possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1)(F)(1). The July 2, 2018 indictment was assigned Huron County Court of Common Pleas case No. CRI 20180502.

{¶ 4} Both cases proceeded to trial on September 5, 2018. On September 7, 2018, after two days of trial, appellant and the state entered into a plea agreement. Appellant agreed to plead guilty to count one in each indictment—illegal manufacture of drugs—in exchange for dismissal of all remaining claims. The trial court indicated it would accept appellant's plea deal and proceeded with the necessary plea colloquy. At its conclusion, appellant pleaded guilty to two counts of illegal manufacture of drugs, each a second

2.

degree felony. The trial court found appellant guilty and proceeded directly to sentencing without objection.

{¶ 5} The trial court sentenced appellant to 6 years in prison on each count. The sentences were ordered to run consecutively for an aggregate prison term of 12 years.[1] The trial court also imposed a fine of $7,500 on each count for a total fine of $15,000. The sentence was memorialized in the trial court's journal entry from which appellant timely appeals.[2] Appellant assigns a single error for our review:

> Appellant's sentence should be vacated due to the Trial Court's
> failure to comply with the specific directives of R.C. 2929.11 and 2929.12.

## II. Law and Analysis

{¶ 6} Appellant challenges the trial court's judgment based on its alleged failure to consider the purpose of felony sentencing set forth in R.C. 2929.11 and its alleged improper weighing of the seriousness and recidivism factors established in R.C. 2929.12

---

[1] We note that both appellant and the state provide arguments with respect to the imposition of consecutive sentences. However, appellant did not raise the imposition of consecutive sentences as error by the trial court but only references the consecutive sentence in regard to its argument the trial court failed to impose the minimum sanction necessary under R.C. 2929.11. Therefore, we do not address whether the order to serve the sentences consecutively was proper under R.C. 2929.14.

[2] Due to an apparent clerical error, the trial court failed to dismiss the remaining counts in case No. CRI 20180400. As a result, that count remained pending and the sentencing entry was not a final order in accordance with Crim.R. 32(C). On December 11, 2018, we stayed appellate proceedings and remanded this matter back to the trial court for a corrected order disposing of all remaining charges. The trial court entered a nunc pro tunc judgment entry correcting the error on December 12, 2018, and appellate briefing continued in accordance with App.R. 18. All references made in this decision are to the corrected December 12, 2018 judgment entry.

3.

in determining appellant's sentence. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). A sentence is indeed contrary to law if the trial court, as defendant argues here, fails to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when determining the appropriate sentence. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8. However, a trial court's statement that it has indeed considered R.C. 2929.11 and 2929.12 in determining a sentence is sufficient to show the trial court's compliance with these requirements. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.). Appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. *Williams* at ¶ 7-11, 16, R.C. 2953.08(G)(2).

{¶ 7} R.C. 2929.11(A) establishes the purposes of felony sentencing. These purposes include promotion of "the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Appellant

4.

argues his sentence was contrary to law because the trial court did not impose the minimum mandatory sentence. In support of this argument, appellant claims the trial court "could have imposed the minimum mandatory of three (3) years upon Appellant[.]" Appellant also argues that ordering appellant's sentences to run consecutively "does not comport" with the promotion of rehabilitation using the minimum sanctions to accomplish that purpose. Essentially, appellant argues that because he did not receive the minimum mandatory sentence that the trial court must have failed to consider the purposes of felony sentencing. These arguments are in direct contrast to the record before us.

{¶ 8} At the sentencing hearing, the trial court specifically referenced R.C. 2929.11(A) and the purposes of felony sentencing. This reference alone is sufficient to show the trial court's consideration of the purposes of felony sentencing. *Brimacombe* at ¶ 11. The trial court here went beyond what was required of it under *Brimacombe* and expressly described its rationale for imposing the 6 year prison term on each count and not the mandatory minimum. It stated "[t]he Court is cognizant of those purposes including the protection of the public from future crimes by the Defendant, the protection of the public from future crimes by others, and the minimum sanctions the Court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources." The trial court then identified the sentencing alternatives it considered "[i]n attempting to achieve those overriding purposes[.]" The December 12, 2018 judgment entry memorializing the sentence imposed at the hearing also notes the trial court's consideration of the purposes of felony sentencing. Appellant

5.

points to no evidence to suggest the trial court failed to consider R.C. 2929.11 in imposing that sentence. The trial court openly considered the purposes of felony sentencing established in R.C. 2929.11 in determining appellant's sentence and, accordingly, appellant's argument is without merit.

{¶ 9} Next, appellant's argument regarding the trial court's consideration of seriousness and recidivism factors described in R.C. 2929.12 likewise fails. Again, appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. *See Williams* at ¶ 7-11, 16, R.C. 2953.08(G)(2). Appellant argues the trial court "gave insufficient weight to the mitigating factors of Appellant's case." The mitigating factors which weigh in his favor, appellant argues, are that he apologized to the court, admitted his drug addiction drove him to commit these crimes, and that he now wishes to seek treatment for his drug use. Therefore, the trial court should have imposed the minimum mandatory sentence so he could "begin his drug rehabilitation quicker."

{¶ 10} Our review of the record shows the trial court did consider the factors identified in R.C. 2929.12 when determining appellant's sentence. At the sentencing hearing, the trial court acknowledged appellant's arguments regarding the factors which might weigh in his favor. Despite appellant's argument, the trial court stated the recidivism factors warranted a prison sentence beyond the mandatory minimum for each count. It noted "you were on post-release control at the time that you committed the offense. Your criminal history is very significant and has a lengthy felony history, including a drug charge, attempted robbery, robbery, and also more recently a CCW as

6.

well." Having considered these factors, the trial court determined the appropriate sentence included six years in prison on each count, to be served consecutively. The trial court's sentencing entry likewise reveals its consideration of the R.C. 2929.12 seriousness and recidivism factors and identifies its weighing of these factors in determining appellant's sentence.

{¶ 11} Appellant's argument is essentially that because the factors he believes weighed in his favor did not result in his desired lesser sentence, that the trial court gave those factors insufficient weight. The trial court determines the weight afforded to any particular statutory factor when imposing a felony sentence. *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The trial court was not required to provide any recitation as to how it weighed these factors. *Brimacombe* at ¶ 11, citing *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Nevertheless, the trial court provided appellant, both at the sentencing hearing and in its judgment entry, a detailed explanation of how it weighed the R.C. 2929.12 seriousness and recidivism factors and why it was imposing the sentence it did. The fact that appellant did not receive the sentence he desired does not mean the factors were not considered and weighed by the trial court. Accordingly, appellant's argument regarding the trial court's allegedly improper weighing of the seriousness and recidivism factors established in R.C. 2929.12 is unfounded.

{¶ 12} Appellant has failed to identify *any* evidence to show the sentence imposed was contrary to law and, therefore, having failed to satisfy his burden as established in R.C. 2953.08(G), we conclude the trial court did not err in its sentence of appellant.

7.

### III. Conclusion

**{¶ 13}** We find appellant's assignment of error not well-taken. We therefore affirm the December 12, 2018 judgment of the Huron County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

                                                 JUDGE

Christine E. Mayle, P.J.

_____

Gene A. Zmuda, J.                           JUDGE
CONCUR.

_____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.