[Cite as *State v. Harris*, 2019-Ohio-4711.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-18-077

    Appellee                                      Trial Court No. 2015CR0174

v.

Micah Harris                                         **DECISION AND JUDGMENT**

    Appellant                                     Decided:  November 15, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Micah Harris, appeals the September 11, 2018 judgment of the
Wood County Court of Common Pleas sentencing him to 12 months in prison following
his violation of previously imposed community control conditions.  For the reasons that
follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On May 7, 2015, appellant Micah Harris was indicted on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(a), a fifth-degree felony, with a forfeiture specification pursuant to R.C. 2941.1417(A). Harris was arraigned on May 12, 2015. He subsequently entered a guilty plea on July 20, 2015. At that time, and pursuant to R.C. 2951.041, the trial court agreed to Harris's request for intervention in lieu of conviction. The trial court ordered appellant to refrain from alcohol consumption and attend an alcohol treatment program for one year as the terms of his intervention. Harris did not object to the terms and the trial court stayed all proceedings pending appellant's completion of the intervention program.

{¶ 3} On December 11, 2015, Harris appeared before the trial court for a hearing on an alleged violation of the conditions of his intervention in lieu of conviction—the consumption of alcohol. While Harris stipulated to the violation, the trial court agreed to continue appellant's intervention under the same conditions. Harris again appeared before the trial court on July 1, 2016, following the state's allegation that appellant again consumed alcohol in violation of the terms of his intervention program. The trial court determined Harris had consumed alcohol and terminated appellant's intervention. With intervention terminated, the trial court found Harris guilty of trafficking in marijuana, the sole count in the original indictment, based on his previous guilty plea. On August 12, 2016, the trial court sentenced appellant to community control for a period of 2 years and notified him that violation of community control terms could lead to a prison term of 12

2.

months. While on community control, appellant was ordered to complete an alcohol treatment program and not to consume alcohol. The trial court also suspended appellant's driver's license for six months with driving privileges granted for employment, treatment, and probation.

{¶ 4} On November 4, 2016, Harris appeared before the trial court for a hearing on a community control violation following a conviction for underage consumption. The trial court did not revoke Harris's community control but did order two months of electronic alcohol monitoring to ensure Harris's compliance with the no alcohol consumption term of his community control.

{¶ 5} Harris again appeared before the trial court on September 5, 2017, for a hearing on a community control violation based on his consumption of alcohol. Harris stipulated to the violation and requested the trial court proceed to disposition. The trial court again continued Harris's community control but imposed additional conditions including the completion of an alcohol abuse treatment program, drug and mental health screenings, and the completion of any recommended treatment arising from those screenings.

{¶ 6} Finally, on September 11, 2018, Harris appeared before the trial court on another violation of the community control provisions. Harris stipulated to the violation in that he had moved to Southern Ohio and absconded from the probation department's supervision of his community control conditions. The trial court accepted the stipulated

3.

violation, revoked Harris's community control, and imposed the 12-month prison sentence. Harris appealed and asserts a single assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to twelve months in the Ohio Department of Rehabilitation & Corrections instead of ordering community control sanctions.

## II. Law and Analysis

{¶ 7} Harris argues his sentence was contrary to law because the trial court failed to "follow the directives of either R.C. 2929.11, The Purposes and Principles of Sentencing or R.C. 2929.12, Seriousness and Recidivism Factors" when determining the appropriate sentence. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2).

{¶ 8} Appellant bears the burden of identifying clear and convincing evidence the sentence imposed was contrary to law. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, at ¶ 7-11, 16, R.C. 2953.08(G)(2). A felony sentence is contrary to law

4.

if the trial court, as appellant argues here, failed to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when determining the appropriate sentence. *Id.* at ¶ 8. A trial court's statement that it has considered R.C. 2929.11 and 2929.12 in determining a sentence is sufficient to show the trial court's compliance with these requirements. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.). If the trial court fails to specifically state that it followed these statutes, it is still presumed that the trial court gave proper consideration to R.C. 2929.11 and 2929.12. *Yeager* at ¶ 13, citing *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10. Indeed, this presumption applies even if the trial court fails to reference R.C. 2929.11 and 2929.12 at both the sentencing hearing and in the subsequent sentencing entry. *State v. Perkins*, 6th Dist. Sandusky No. S-18-010, 2019-Ohio-2049, ¶ 22, citing *State v. Seele*, 6th Dist. Sandusky No. S-13-025, 2014-Ohio-1455, ¶ 19 (applying the presumption where "the trial court did not specifically indicate either at sentencing or in its judgment entry that it considered these statutes.") The burden is on the appellant to rebut this presumption. *Yeager* at ¶ 13, citing *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11. Appellant's rebuttal must be supported with clear and convincing evidence. *See Williams* at ¶ 7-11; 16, R.C. 2953.08(G)(2).

{¶ 9} Here, Harris argues that "[a]lthough the judgment entry in this case references R.C. 2929.11 and 2929.12, the court made no mention of it's [sic] consideration of the statutes at appellant's sentencing hearing[.]" Harris, however, fails

5.

to identify any evidence—let alone clear and convincing evidence—to rebut the presumption that the trial court nonetheless considered the necessary sentencing factors under R.C. 2929.11 and 2929.12 at the sentencing hearing.

{¶ 10} Moreover, the sentencing entry clearly states that the trial court considered R.C. 2929.11 and 2929.12 when it determined Harris's sentence. It stated:

> after consideration of any additional relevant factors and the recidivism and seriousness factors under R.C. 2929.12, the Court finds that a prison term is consistent, based upon the overriding purposes and principles of sentencing set forth in R.C. 2929.11. Further, the Court finds the Defendant is no longer amenable to any available community control sanction and is unsuccessfully terminated from community control.

The trial court is "not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required." *Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, at ¶ 11, citing *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). The trial court's statement that it considered R.C. 2929.11 and 2929.12 in determining the sentence is sufficient to show its compliance with these requirements. *Id*.

{¶ 11} Despite this, Harris claims that "the trial court did not consider mitigating factors or Appellant's need for mental health counseling and treatment[.]" That is, Harris claims that he acknowledged his crime was compelled by drug addiction, that he

6.

expressed genuine remorse, that he wished to continue mental health treatment, and that he has "minimal" criminal history. He argues these factors weigh in his favor under R.C. 2929.12(D)(4), 2929.12(D)(5), and 2929.12(E). Harris also argues that none of the R.C. 2929.12(B) seriousness factors are applicable to his case. Essentially, Harris argues that because the factors he believes weighed in his favor did not result in his desired lesser sentence—the continuation of community control—the trial court must have given those factors insufficient weight.

{¶ 12} The trial court, however, has the sole discretion to determine the weight afforded to any particular statutory factor when imposing a felony sentence. *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. Further, the trial court was not required to provide any recitation as to how it weighed these factors. *Id.* Harris's failure to receive the desired result does not mean the factors were not considered and weighed by the trial court.

{¶ 13} The trial court's statement that it considered R.C. 2929.11 and 2929.12 in determining appellant's sentence is sufficient to show its compliance with those requirements. *Brimacombe* at ¶ 11. Appellant identifies no evidence to support his contention the sentence imposed was contrary to law and fails to satisfy his burden as established in R.C. 2953.08(G). The trial court did not err in imposing appellant's 12-month prison sentence.

7.

## III. Conclusion

{¶ 14} We find appellant's assignment of error not well-taken. The trial court properly considered the purposes and principals of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and Harris presented no clear and convincing evidence that the sentence was contrary to law. We affirm the September 11, 2018 judgment of the Wood County Court of Common Pleas. Harris is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.           

_____
JUDGE

Christine E. Mayle, P.J.      

Gene A. Zmuda, J.         
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.