[Cite as *State v. Dean*, 2021-Ohio-1903.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-20-1162

    Appellee                                    Trial Court No.  CR0202001158

v.

Andrew Nicholas Dean                        **DECISION AND JUDGMENT**

    Appellant                                    Decided:  June 4, 2021

* * * * *

Julia Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

{¶ 1}  This case is before the court on appeal by appellant, Andrew Dean, from

the September 9, 2020 judgment of the Lucas County Court of Common Pleas.  For the

reasons that follow, we affirm.

**{¶ 2}** Appellant sets forth one assignment of error:

I. Did the Court abuse its discretion when it sentenced appellant to serve the term of incarceration herein consecutive to a term of incarceration he was already serving for another county, when there were no facts on the record concerning appellant's criminal history?

## Background

**{¶ 3}** On January 28, 2020, appellant was indicted on one count identity fraud against a person in a protected class in violation of R.C. 2913.49(B)(2) and (I)(3), a second degree felony ("Count 1"), and one count of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(c), a fifth degree felony ("Count 2"). According to the indictment, the crimes occurred between November 11 and 14, 2019. Appellant was arraigned and pled not guilty to the charges.

**{¶ 4}** On August 18, 2020, a change of plea hearing was held. At the time, appellant was incarcerated, serving a prison sentence. Appellant entered guilty pleas to both charges. The trial court accepted the guilty pleas and found appellant guilty.

**{¶ 5}** On September 8, 2020, a sentencing hearing was held and appellant was sentenced to five years in prison on Count 1 and 12 months in prison on Count 2. The sentences were ordered to be served concurrent to one another, but consecutive to the prison sentence appellant was currently serving. A judgment entry was filed September 9, 2020. Appellant appealed.

2.

**Assignment of Error**

{¶ 6}   Appellant argues the trial court abused its discretion when it imposed a consecutive prison sentence as "there was no discussion on the record as to what about appellant's criminal history rose to the level of requiring consecutive sentences." Appellant cites to R.C. 2929.14(C)(4) and R.C. 2929.41(A).

{¶ 7}   Appellant observes at the plea hearing, "the court elicited a statement that appellant was 'serving a sentence at ODRC [Ohio Department of Rehabilitation and Correction] * * * and that he was 'not on probation or community control, post release control for any other cases' among other things." Yet, appellant contends "there was no discussion of what those charges were, when they occurred, or what the sentence was" for which he was serving time in prison, "nor was there any more generalized discussion of appellant's criminal history." Appellant asserts with no specific information on the record about his criminal history and with the record void of his criminal history, the record is insufficient to rebut the presumption of concurrent sentences.

{¶ 8}   The state counters that the record clearly and convincingly supports the trial court's imposition of consecutive sentences. The state observes the following: the court mentioned appellant committed the offenses while on post-release control in the Wood County case; appellant's criminal history included 9 felony and 21 misdemeanor convictions; appellant had two pending theft charges in Sandusky County; and appellant scored very high on the risk for recidivism test.

**Law**

{¶ 9} We review felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. We may increase, modify or vacate and remand a judgment if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, quoting R.C. 2953.08(G)(2).

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} A felony sentence is "contrary to law" if the term falls outside of the statutory range for the degree of the offense, or if the trial court failed to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when fashioning the appropriate sentence. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8.

4.

{¶ 12} Terms of incarceration are to be served concurrently, except in certain cases, one of which is an order requiring that the sentences be served consecutively. R.C. 2929.41. Prior to imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial court make certain findings. First, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." *Id.* Second, the court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Last, the court must find that one of the circumstances set forth in R.C. 2929.14(C)(4)(a)-(c) applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} The trial court is required to make these findings at the sentencing hearing and incorporate those findings into a sentencing judgment entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 24, 37. The court is not required to recite any magic or talismanic words when imposing consecutive sentences, so long as it is clear from the record that the court engaged in the appropriate analysis. *State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, ¶ 10-13.

{¶ 14} Pursuant to R.C. 2929.14(A)(2)(a), a sentencing court may impose a prison term from two to eight years for a second-degree felony. For a fifth-degree felony, the court may impose a prison term from 6 to 12 months. R.C. 2929.14(A)(5).

## Analysis

{¶ 15} A review of the record shows that at the plea hearing, appellant's counsel stated:

> The state and I did have a chance to discuss this matter with the court, and I relayed those conversations to [appellant]. Nowhere was there a guarantee of any sentence, but we did have a chance to discuss the issue with the court and * * * the court did not give an advisory * * *.

{¶ 16} The court then addressed appellant and stated, inter alia:

> [I]n advocating for you and your position, [appellant's counsel] along with the prosecutor in this case * * * did speak to me about possible sentencing. [Appellant's counsel] indicated you would be seeking a

6.

concurrent sentence, so if you are sentenced to the state penitentiary, presuming you would be, that any sentence run concurrent to the sentence you were already serving out of Wood County. I did not indicate one way or the other whether I would do that, and quite frankly I was not in a position, though, because I didn't know much about your history, your mental health, or the facts of this case, but I did, in fact, indicate to [appellant's counsel] that I was not adamantly opposed to doing so, and I would certainly take that in to consideration when fashioning an appropriate sentence for you. Do you have any questions about that?

{¶ 17} Appellant responded, "No, Your Honor." The court asked appellant, "[A]re you satisfied with the representation of your lawyer in this matter?" Appellant replied, "Yes, I'm very satisfied, he has done an awesome job."

{¶ 18} At the sentencing hearing, the court addressed appellant and stated, inter alia,

[Y]ou and * * * your lawyer did certainly address the fact that you have a lengthy criminal record. You do have 9 prior adult felony convictions, 21 adult misdemeanor criminal convictions. * * * You committed this offense while you were on PRC [post-release conviction] for a 2015 Wood County felony case. You have active bench warrants in Sandusky, Ohio for two pending theft charges.

7.

After an ORAS [Ohio Risk Assessment System] was administered, your risk for recidivism was determined to be very high with a score of 36. It also appears you have not responded favorably to sanctions previously imposed. Certainly at this time * * * the court is tasked with protecting our community that has suffered at your hands many times.

The court finds that the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11, and therefore it is hereby ordered that the defendant serve a term of 5 years as to Count 1 * * * [a]nd 12 months as to Count 2 * * *. These sentences are ordered to be served concurrently to one another for a total stated prison term of 5 years, but consecutively to the current ODRC sentences defendant is now serving. [The] [c]ourt finds that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and [are] not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses to the public. * * * The court further finds that the defendant's criminal history requires consecutive sentences.

{¶ 19} Upon review, we conclude that appellant has not demonstrated that the trial court erred when it imposed consecutive prison sentences.

{¶ 20} At the plea hearing, prior to appellant entering his guilty pleas, the judge informed him that she had been advised that he would be seeking a concurrent sentence to the sentence he was serving out of Wood County, but she "did not indicate one way or

8.

the other whether I would do that." The judge also told appellant that she did not "know much about your history, your mental health, or the facts of this case."

{¶ 21} At the sentencing hearing, the court referred to appellant's lengthy criminal record, including 9 adult felony convictions and 21 adult misdemeanor criminal convictions. The court mentioned that appellant was on post-release control when he committed the offenses, he had active bench warrants for two pending theft charges and his risk for recidivism was determined to be very high. The court found appellant's criminal history required consecutive sentences.

{¶ 22} We conclude the trial court engaged in an appropriate, accurate recitation of appellant's criminal conduct and history, and imposed a prison sentence within the range indicated for a second degree felony and a fifth degree felony. We also conclude the court made all of the necessary statutory findings at the sentencing hearing to impose consecutive sentences, and incorporated those findings in the sentencing entry.

{¶ 23} We further conclude that clear and convincing evidence in the record supports the trial court's findings relative to the imposition of consecutive sentences. Therefore, appellant's sentence is not contrary to law. Accordingly, appellant's assignment of error is not well-taken.

{¶ 24} The judgment of the Lucas County Court of Common Pleas in affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, P.J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.