[Cite as *State v. Brandt*, 2021-Ohio-2250.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No. WD-20-061

      Appellee                                 Trial Court No.  2016CR0475

v.

Gina Brandt                                         **DECISION AND JUDGMENT**

      Appellant                                Decided:  June 30, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Gina Brandt, appeals the August 19, 2020 judgment of the Wood County Court of Common Pleas sentencing her to a total of 30 months of imprisonment for a community control violation.  Because we find no reversible error, we affirm.

{¶ 2} Appellant was indicted on October 20, 2016, for burglary, grand theft of a firearm, with a firearm specification, and petty theft. The charges stemmed from the November 24, 2015 break-in and theft of a television and gaming system, and the August 24, 2016 theft of a 9mm, semi-automatic handgun. Appellant entered not guilty pleas to the charges.

{¶ 3} On March 6, 2017, appellant withdrew her not guilty pleas and entered guilty pleas to trespass in a habitation, a fourth degree felony, petty theft, a first degree misdemeanor, and grand theft of a firearm, a third degree felony. On June 8, 2017, appellant was sentenced to three years of community control with various terms and conditions including substance abuse treatment and mental health counseling.

{¶ 4} On June 18, 2018, a petition for revocation of community control was filed due to appellant's failure to report to her probation officer and a urinalysis positive for cocaine. On October 2, 2018, appellant, by stipulation, was found to be in violation of her community control. Appellant's community control was continued with a one-year extension.

{¶ 5} On September 3, 2019, the state again filed a petition for community control revocation stating that appellant violated the control terms by failing to meet with her probation officer. The petition was amended to include appellant's failure to submit to a toxicology screen. On November 5, 2019, appellant stipulated to the violations; the court accepted the stipulation and found appellant to be in violation of community control. The

2.

court continued appellant's community control but added the requirement that she complete the CTF (Correctional Treatment Facility) program, that she not consume any alcohol or illegal substances, and that she not frequent establishments serving "alcoholic beverages for the sole purpose of consuming alcoholic beverages" or that she associate with those consuming alcoholic beverages.

{¶ 6} On June 16, 2020, the state's third petition for revocation of community control was filed alleging that appellant failed to report to her probation officer. By stipulation, appellant was found to be in violation of the terms of her community control. On August 19, 2020, appellant was sentenced to a total of 30 months of imprisonment. This appeal followed.

{¶ 7} Appellant now raises the following assignment of error for our review:

The trial court's sentence did not comply with R.C. 2929.11 and

R.C. 2929.12 and was clearly and convincingly contrary to law.

{¶ 8} In her sole assignment of error, appellant contends that her prison sentence was contrary to law because the court failed to properly evaluate the statutory sentencing requirements under R.C. 2929.11 and 2929.12. Specifically, appellant argues that the court failed to give proper weight to the mitigating factors under R.C. 2929.12, including her remorse and on-going compliance with the court's "substantial" orders, her history of abuse and continuing mental health issues as explained by appellant's mother, and appellant's transformation from her initial 2017 sentencing to her willingness to enter

3.

inpatient treatment. These mitigating factors, appellant asserts, demonstrate that the court's sentence does not comport with the purposes of felony sentencing as set forth in R.C. 2929.11.

{¶ 9} The court reviews felony sentences under R.C. 2953.08(G)(2). We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, quoting R.C. 2953.08(G)(2).

{¶ 10} This court has consistently held that a felony sentence is considered to be "contrary to law" if the trial court failed to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when determining the appropriate sentence. *State v. Sanders*, 6th Dist. Williams Nos. WM-19-016, WM-19-017, 2020-Ohio-4608, ¶ 9, citing *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8. Even if the court fails to specifically reference the relevant statutes at the sentencing hearing or the sentencing judgment entry, it is presumed that the court gave them proper consideration. *State v. Harris*, 6th Dist. Wood No. WD-18-077, 2019-Ohio-4711, ¶ 8, citing *Yeager* at ¶ 13. The burden rests with

4.

appellant to identify clear evidence that the sentence imposed was contrary to law. *Id.*, citing *Williams* at ¶ 7-11.

{¶ 11} At the August 17, 2020 hearing, in sentencing appellant the court stated:

> The Court has listened to now the statements of the victim and mother of the defendant as well as reviewed the other letters and the statements of counsel and the defendant today, as well as reviewed your record. * * *.

> Taking everything into consideration, specifically that this is your third violation, and you were given the opportunity to show the Court that treatment and community control were the best available sanctions for you, and I think we've given you, unfortunately, enough opportunities, and those opportunities have not been taken advantage of. With that then, I find, Ms. Brandt, that you are no longer amenable to community control sanctions, and that the prison term is necessary to comport with the purposes and principles that are overriding for a felony sentencing.

{¶ 12} The August 19, 2020 sentencing judgment entry stated: "The court next reviewed and reconsidered the seriousness and recidivism factors and especially the defendant's conduct while on community control." The court then concluded that "a prison term is consistent with the overriding principles and purposes of sentencing set

forth in R.C. 2929.11; and that the defendant is no longer amenable to available community control sanctions."

{¶ 13} Upon review of the sentencing hearing and judgment entry, we find that appellant has not demonstrated the court's failure to consider the purposes of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12, and the sentence was within the permissible range. Appellant's argument, however, takes issue with the court's consideration of the mitigating factors presented at the hearing. The Ohio Supreme Court's recent case of *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, held that although trial courts are required to consider the factors identified in R.C. 2929.11 and 2929.12 when imposing felony sentences, R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Simply put, this court's function is to make certain that the sentence imposed is a product of the consideration of the required statutes and is within the statutory sentencing range. *See State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 9-13; *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 8-9; *State v. Penn*, 6th Dist. Fulton No. F-20-004, 2021-Ohio-1761, ¶ 37.

{¶ 14} Based on the foregoing, we find that the trial court's sentence was in accordance with law and not in error. Appellant's assignment of error is not well-taken.

6.

**{¶ 15}** On consideration whereof, we affirm the August 19, 2020 judgment of the Wood County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.